**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**


**CORNELL LORENZO SANDERS,**

      **Plaintiff,**

**V.**                                                    **Case No:  2:11-cv-470-FtM-99SPC**

**RICHARD CZUPRYNSKI, FNU
HEMPHILL, UNKNOWN NAME
SURETY OR BONDING COMPANY,
THE ESTATE OF DOUGLAS VAN
HOUSE, THE ESTATE OF LEE P.
GAGLIARDI, ROBERT BARCLIFT,
ALL MEMBERS OF THE GRAND
JURY, FNU PATELL, LIABILITY
INSURANCE PROVIDER and
CINDY LEE SLY,**

      **Defendants.**

_____/

**<u>ORDER</u>**

This matter comes before the Court on the Plaintiff Cornell Sanders' Letter Motion for

Reconsideration (Doc. #35) filed on July 27, 2012.  The Plaintiff's letter is construed as a Motion

to Reconsider the dismissal of the Plaintiff's Complaint.  On March 5, 2012, United States

District Court Judge Richard A. Lazzara granted the Defendants' Motion to Dismiss without

prejudice.  Judge Lazzara directed the Plaintiff to file an Amended Complaint on or before

March 23, 2012.  To date no amended complaint has been filed with the Court.

Reconsideration of a court's previous order is an extraordinary remedy and, thus, is a

power which should be used sparingly. <u>Carter v. Premier Restaurant Management</u>, 2006 WL

2620302 (M.D. Fla. September 13, 2006) (citing <u>American Ass'n of People with Disabilities v.</u>

<u>Hood</u>, 278 F. Supp 2d 1337, 1339 (M.D. Fla. 2003)).  The courts have "delineated three major

grounds justifying reconsideration: (1) an intervening change in the controlling law; (2) the availability of new evidence; (3) the need to correct clear error or prevent manifest injustice." Susman v. Salem, Saxon & Meilson, P.A., 153 F.R.D. 689, 904 (M.D. Fla. 1994). "A motion for reconsideration should raise new issues, not merely readdress issues litigated previously." Paine Webber Income Props. Three Ltd. Partnership v. Mobil Oil Corp., 902 F. Supp. 1514, 1521 (M.D. Fla. 1995). The motion must set forth facts or law of a strongly convincing nature to demonstrate to the court the reason to reverse its prior decision. Carter, 2006 WL 2620302 at *1 (citing Taylor Woodrow Construction Corp. v. Sarasota/Manatee Authority, 814 F. Supp. 1072, 1072-1073 (M.D. Fla. 1993)). A motion for reconsideration does not provide an opportunity to simply reargue-or argue for the first time- an issue the Court has already determined. Carter, 2006 WL 2620302 at * 1. The Court's opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." Id. (citing Quaker Alloy Casting Co. v. Gulfco Industries, Inc., 123 F.R.D. 282, 288 (N.D. Ill. 1988)). "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." Mannings v. School Bd. Of Hillsboro County, Fla., 149 F.R.D. 235, 235 (M.D. Fla. 1993). "Unless the movant's arguments fall into the limited categories outlined above, a motion to reconsider must be denied." Carter, 2006 WL 2620302 at *1.

In his Order dismissing the Plaintiff's Complaint, Judge Lazzara explained why each count in the Complaint failed. Judge Lazzara noted that the Plaintiff failed to support any of the causes of action advanced in his Complaint with a factual basis. Instead the Plaintiff merely made one sentence conclusory allegations against the Defendants with no supporting legal or factual basis.

With respect to Plaintiff's state law tort claims against the LCSO Defendants in their individual capacities, the Court found that the Plaintiff failed to comply with the pleading requirements of Fla. Stat. § 768.28(9)(a).  As such, the Court found that the deputies were protected by sovereign immunity from the Plaintiff's allegations.

Judge Lazzara found that the Plaintiff's conspiracy claim failed to allege any facts to meet the required elements to establish the existence of a conspiracy. The Plaintiff's allegations relate to a conspiracy that allegedly began with the arrest of Plaintiff in 1992 and continued through his indictment in federal court in 1993. (Dkt. 2, Complaint, pp.6-20.) Plaintiff did not file his Complaint in state court until August 18, 2008. Although Plaintiff now urges in his Traverse Response that he did not discover the evidence to support his claims until 2008, he fails to even identify that evidence.  As such, the Court found that the Plaintiff's claim was barred by the statute of limitations contained in Fla. Stat. § 95.11(7), (10), which limits the time to file a claim to a period of four years after the incident occurred.

Judge Lazzara continued holding the Plaintiff's federal claims pursuant to 42 U.S.C. § 1985 and 1983 were similarly barred by the statute of limitations.  As Judge Lazzara noted in his Order

> Plaintiff's claims would have accrued, and thereby set the limitations clock running, when he knew or should have known (1) that he had suffered the injury that forms the basis of his Complaint and (2) who inflicted the alleged injury. *See* Chappell v. Rich, 340 F.3d 1279, 1283 (11th Cir. 2003). It would be impossible for Plaintiff's injuries – his arrest and conviction - to have been concealed, so Plaintiff cannot claim that he was unaware of either until 2008. Likewise, the identities of those who supposedly inflicted the injury - the officers, motel owner, Assistant United States Attorney, and grand jury - were never concealed. Consequently, Plaintiff's claims under § 1983 accrued at the latest in 1993.

(Doc. # 27, p. 10).

Judge Lazzara held that not only were the Plaintiff's federal claims barred by the statute of limitations, they were also barred by the Heck doctrine.  Under the principle  announced in Heck v. Humphries, 512 U.S. 477, 486-487 (1994), a Plaintiff calling into question his conviction and imprisonment must show that his conviction has been overturned or reversed on direct appeal or called into question on collateral review. Id.   Plaintiff's conviction has not since been reversed, invalidated or otherwise called in question.  Thus, Judge Lazzara dismissed his § 1983 claims under Heck.

After Judge Lazzara dismissed the Complaint and detailed why the allegations claims failed to make a claim, he allowed the Defendant the opportunity to amend. (Doc. # 27, p. 13). However, the Plaintiff never filed an amended complaint even though he was allowed several extensions of time and cautioned that his case would be dismissed should he fail to comply.

On June 6, 2012, the Court granted the Plaintiff a last extension of time up to and including July 16, 2012.  In that Order, the Plaintiff was warned that failure to comply with the deadline to amend would result in his case being dismissed.  The Plaintiff failed to file an amended complaint and on July 18, 2012, Judge Lazzara dismissed his case.

While the Plaintiff moves the Court to reconsider the dismissal, he fails to provide the Court with any factual or legal justification for this case to be re-opened.  Judge Lazzara dismissed his case without prejudice and allowed the Plaintiff the opportunity to file a new complaint in a new case as long as the Plaintiff complied with the findings in the present Order dismissing the instant claim.  However, as far as the instant Motion is concerned, the Plaintiff has failed to set forth any grounds to reconsider and the Motion is due to be denied.

Accordingly, it is now

**ORDERED:**

The Plaintiff Cornell Sanders's Letter Motion for Reconsideration (Doc. #35) is **DENIED**. The Complaint remains dismissed in accord with Judge Lazzara's Order and case remains closed.

**DONE** and **ORDERED** in Fort Myers, Florida this 8th day of August, 2012.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies:  All Parties of Record